JOINER, Judge,
concurring specially.
Charles Ted Herring appeals his conviction for second-degree theft of-services, see § 13A-8-10.2, Ala.Code 1975, and his resulting sentence of -20 years’ imprisonment.
At a plea hearing in this case, Herring entered a formal plea of guilty, and, during the guilty-plea colloquy, the trial court determined that Herring had “obtained utility services by deception from the City of Dothan” when he “wrote a check on a closed account for [an] electric bill.” (P.H.R. 4-5.[2])
The offense of second-degree theft of services is not' subject to the Alabama Sentencing Commission’s presumptive sentencing guidelines. See Presumptive and Voluntary Sentencing Standards Manual 39. Because that offense is" a Class C felony, and because Herring had been previously convicted of three felonies, the trial court was required to sentence Herring according to the Habitual Felony Offender Act, § 13A-5-9, Ala.Code 1975 (“the HFOA”). Pursuant to the HFOA, Herring’s sentence was limited to “imprisonment for life or for any term of not more than 99 years but not less than 15 years.” Id. Herring’s sentence of 20 years’ imprisonment, therefore, falls within the statutory limit set forth in the HFOA.
On appeal, Herring argues, in part, that because the “presumptive sentencing guidelines are not applicable [to his conviction], [he] received a disproportionate sentence.” (Herring’s brief, p. 20.)' Herring notes that “he wrote a check for a little over $900 and received a [20-]year sentence, in excess of what he would have received for a simple theft of property for the same value.” (Herring’s brief, p. 21.) Herring asks this Court to address the disparities in sentencing that result because theft-of-property offenses are included in the presumptive sentencing, guidelines but theft-of-services offenses are not. (Herring’s brief, p. 22.)
The legislature has conferred upon the Alabama Sentencing Commission the authority to promulgate presumptive and voluntary sentencing standards for felony offenses. See §§ 12-25-33 and 12-25-34.2(b), Ala.Code 1975. Although I am *499 inclined to agree with Herring’s argument that his 20-year sentence is too harsh a punishment for an offense that, had it been a theft-of-property offense rather than a theft-of-seryices offense, would have resulted in a proportionately lesser sentence under the sentencing guidelines, this Court has no authority to review Herring’s claim that second-degree theft of services should be an offense on the sentencing guidelines. Therefore, Í urge the Alabama Sentencing Commission to modify the presumptive sentencing guidelines to include theft-of-services offenses so that theft-of-property offenses and theft-of-services offenses that are similar in nature, character, and amount are treated similarly, and also urge the legislature to adopt those modifications.

. Citations to the transcript of the plea hearing are referred to as “P.H.R._”